# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**FILED**

January 12, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**In Re: J.S.**

**No. 14-0747** (Roane County 14-JA-5)

## MEMORANDUM DECISION

Petitioner Mother, by counsel Christen M. Justice, appeals the Circuit Court of Roane County's June 30, 2014, order terminating her parental rights to J.S. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed its response in support of the circuit court's order. The child's guardian ad litem, Erica Brannon Gunn, filed a response on behalf of the child supporting the circuit court's order. On appeal, petitioner alleges that the circuit court erred in terminating her parental rights without considering less drastic dispositional alternatives and in denying her motion for a post-adjudicatory improvement period.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In January of 2014, the Roane County Family Court entered an order in a domestic violence proceeding initiated by petitioner that placed the child in the DHHR's custody due to imminent danger to her wellbeing. That same month, the DHHR filed an abuse and neglect petition alleging that petitioner knowingly inflicted physical, mental, or emotional injury upon the child, as evidenced by petitioner subjecting the child to domestic violence between herself and her boyfriend. The petition further alleged that petitioner failed to provide the child with necessary food, clothing, shelter, supervision, medical care, or education. This was evidenced by the child's lack of dental care that resulted in loss of teeth, as well as the child's many absences from, and tardiness to, school. Finally the DHHR alleged that petitioner abused drugs and expressed concerns about petitioner's mental health due to her fascination with knives and self-injury.

Approximately one week later, the circuit court held a preliminary hearing and found that the evidence established that the child was subjected to abuse and neglect. As such, the circuit court found that the child was in imminent danger. The circuit court held an adjudicatory hearing in April of 2014, during which petitioner stipulated to abuse. Petitioner thereafter filed a motion for a post-adjudicatory improvement period. In May of 2014, the circuit court held a dispositional hearing. Prior to the hearing, petitioner was arrested and incarcerated for a six-month period on misdemeanor criminal charges. She also failed multiple drug screens and did not complete a substance abuse assessment. As such, at the dispositional hearing, the circuit

1

court denied petitioner's motion for an improvement period and ultimately terminated her parental rights. It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the circuit court's denial of petitioner's motion for a post-adjudicatory improvement period or in the termination of her parental rights.

While petitioner argues that the circuit court erred in imposing the most restrictive dispositional alternative under West Virginia Code § 49-6-5(a), the Court does not agree. Petitioner argues that instead of terminating her rights, the circuit court could have granted her motion for a post-adjudicatory improvement period. However, the record does not support this argument. Pursuant to West Virginia Code § 49-6-12(b), a circuit court may grant a parent a post-adjudicatory improvement period when "[t]he [parent] demonstrates, by clear and convincing evidence, that the [parent] is likely to fully participate in the improvement period . . . ." Contrary to petitioner's argument that the circuit court could not deny her motion without a finding that "compelling circumstances" warranted the same, this Code section clearly grants circuit courts discretion in granting improvement periods and requires a parent to satisfy the burden of establishing that he or she is likely to fully participate in the improvement period. The record here is clear that petitioner did not satisfy that burden.

The circuit court made multiple findings in regard to petitioner's lack of compliance with the terms imposed upon her prior to her motion for a post-adjudicatory improvement period. Specifically, the circuit court found that petitioner missed multiple scheduled visitations with the child, did not fully participate in parenting services, failed more than five drug screens, and failed to appear for her psychological evaluation. The circuit court also found that petitioner minimized the problems that led to the petition's filing. Despite having stipulated to a substance abuse problem at adjudication, petitioner thereafter denied having any such problem or that substance abuse negatively impacted her parenting skills. Petitioner also tested positive for multiple controlled substances during the pendency of the proceedings below, including marijuana, amphetamine, and methamphetamine, and provided abnormal screens and failures to

screen that were considered failed. Petitioner even admitted to misappropriating her child's lawfully prescribed controlled substances. Moreover, petitioner denied having any problem that could be addressed by an improvement period.

We have previously held that

[i]n order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense.

*In re Timber M.*, 231 W.Va. 44, 55, 743 S.E.2d 352, 363 (2013) (quoting *In re: Charity H.*, 215 W.Va. 208, 217, 599 S.E.2d 631, 640 (2004)). Based upon the evidence outlined above, it is clear that petitioner failed to establish she was likely to fully participate in a post-adjudicatory improvement period, her evidence of having put her name on a waiting list for parenting classes while incarcerated notwithstanding.

Further, this same evidence supports the circuit court's findings that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect pursuant to West Virginia Code §§ 49-6-5(b)(1) and (3), and that termination of her parental rights was necessary for the child's welfare. While petitioner argues that the circuit court failed to consider any less restrictive alternatives to termination of her parental rights, the Court disagrees. As outlined above, petitioner was not entitled to an improvement period as a dispositional alternative because she did not satisfy her burden of proof and failed to acknowledge the problems that necessitated the petition's filing. Moreover, because the circuit court correctly found that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected and that termination was necessary for the child's well-being, the circuit court was left with no option other than termination. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon these findings.

For the foregoing reasons, we find no error in the decision of the circuit court and its June 30, 2014, order is hereby affirmed.

Affirmed.

**ISSUED**: January 12, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II